**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
DARIN POOLE,

                          Plaintiff,

    -against-

NASSAU COUNTY, NY STATE,
NASSAU COUNTY DEPARTMENT OF HEALTH,
NASSAU COUNTY SHERIFF'S DEPARTMENT,
and NASSAU COUNTY JAIL,

                         Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 15-2762 (JFB) (AKT)

----------------------------------------------------------------X
DARIN POOLE,

                          Plaintiff,

    -against-

NASSAU COUNTY JAIL, N.Y. STATE,
NASSAU COUNTY, NASSA COUNTY
SHERIFFS DEPT and NASSAU COUNTY
DEPT OF HEALTH,

                         Defendants.
----------------------------------------------------------------X

CV 15-2825 (JFB) (AKT)

----------------------------------------------------------------X
DARIN POOLE,

                          Plaintiff,

    -against-

ARMOR CORRECTIONAL HEALTH SERVICES,
NASSAU COUNTY, NASSAU COUNTY JAIL and
NEW YORK STATE,

                         Defendants.
----------------------------------------------------------------X

CV 15-2927 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

For the reasons which follow, this Court respectfully recommends to Judge Bianco that these cases be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon the plaintiff's failure to prosecute his claims as well as his failure to comply with the Orders of this Court.

All three cases were assigned to District Judge Joseph F. Bianco as follows: *Poole v. Nassau County, et al.*, CV 15-2762 (the "Nassau County case"); *Poole v. Nassau County Jail*, CV 15-2825 (the "Nassau County Jail case"); and *Poole v. Armor Correctional Health Services,* CV 15-2927 (the "Armor case"). The *pro se* plaintiff asserts various claims against the defendants including, among other things, discrimination and failure to provide adequate medical care.

This Court scheduled an Initial Conference for all three cases on May 23, 2016. *See* CV 15-2762 [DE 33]; CV 15-2825 [DE 27]; CV 15-2927 [DE 42].[1] Plaintiff Poole was served with a copy of the Initial Conference Scheduling Order at 48 West Clinton Avenue, Roosevelt, NY 11575, and at the Nassau County Correctional Center, 100 Carman Avenue, East Meadow, NY 11554. *See* CV 15-2762 [DE 34]; CV 15-2825 [DE 28]; CV 15-2927 [DE 43-44]. During the May 23 Conference, the Court noted for the record that shortly before the conference was set to commence, the *pro se* plaintiff contacted the Court to advise that he would be unable to attend. *See* May 23, 2016 Civil Conference Minute Order. CV 15-2762 [DE 35]; CV 15-2825 [DE 29]; CV 15-2927 [DE 45]. The Court pointed out that the Notice of the Initial Conference was issued on April 15, 2016, informing the parties that the conference would proceed on May 23, 2016 at

---

[1] The Court notes that prior to scheduling the Initial Conference in these cases, defendants filed motions to dismiss all of the plaintiff's claims in the three cases. *See* CV 15-2762 [DE 20, 26]; CV 15-2825 [DE 19, 23]; CV 15-2927 [DE 25, 33, 34]. Since claims against certain defendants survived the motions to dismiss, this Court proceeded with scheduling the Initial Conference for these cases.

2

2 p.m. *Id*. The Court further noted that defendants' counsel filed proof of service of the Notice on April 22, 2016. *Id*. In response, the plaintiff explained that he notified the *pro se* office "a month ago" of a change to his address. *Id*. There was no entry on the docket showing such notification, however. *Id.* The plaintiff provided the Court with his new address, 32 Lewis St., Naugatuck, CT 06770, as well as his mobile phone number. *Id*. The Court proceeded to notify the plaintiff of the following:

> Plaintiff Poole needs to be here in person, along with the other parties in these cases, for each and every conference unless directed otherwise by the Court. Therefore, the Court is putting this conference over to June 17, 2016 at 2 p.m.

Counsel for the defendants served a copy of the May 23 Civil Conference Minute Order on the *pro se* plaintiff. *See* CV 15-2762 [DE 36]; CV 15-2825 [DE 30]; CV 15-2927 [DE 46].

In an Electronic Order dated May 26, 2017, the Court notified all parties that the time of the June 17, 2016 Initial Conference was being changed to 3 p.m. *See* CV 15-2762 [Electronic Order of May 26, 2016]; CV 15-2825 [Electronic Order of May 24, 2016]; CV 15-2927 [Electronic Order of May 24, 2016]. Defense counsel served a copy of the Electronic Order on the *pro se* plaintiff at his Naugatuck, Connecticut address. *See* CV 15-2762 [DE 37]; CV 15-2825 [DE 31]; CV 15- 2927 [DE 47]. The Court was subsequently required to re-schedule the Initial Conference to July 21, 2016 at 2 p.m. *See* CV 15-2762 [DE 38]; CV 15-2825 [DE 32]; CV 15-2927 [DE 48]. Defense counsel served a copy of the Court's revised Scheduling Order on the plaintiff at the Naugatuck, CT address, and at the Roosevelt, NY address. *See* CV 15-2762 [DE 39-40]; CV 15-2825 [DE 33]; CV 15-2927 [DE 49]. On July 21, 2017, the *pro se* plaintiff filed with the Court a written notice of change of address indicating that his current address was 32 Lewis Street, Naugatuck, CT 06770, the same address that plaintiff provided to

3

the Court during the May 23 telephone call.  *See* CV 15-2762 [DE 41]; CV 15-2825 [DE 34]; CV 15-2927 [DE 50].

The *pro se* plaintiff appeared at the July 21, 2016 Initial Conference.  *See* July 21, 2016 Civil Conference Minute Order, CV 15-2762 [DE 42]; CV 15-2825 [DE 35]; CV 15-2927 [DE 51].  During that conference, with the consent of the parties, the Court directed that these three cases were being consolidated for discovery purposes only.  *Id*.  The Court also set forth various discovery deadlines, including the following:

> • Defendants' counsel will serve defendants' document requests (and any restricted interrogatories as discussed today, solely addressing categories of damages and calculation of damages) upon the *pro se* plaintiff **by August 19, 2016**;
>
> • Plaintiff will serve his document requests (each request to be numbered separately) upon defendant's counsel **by September 2, 2016**;
>
> • Plaintiff will serve responses to defendant's document requests (and limited interrogatories if served by defendant) **by September 23, 2016**;
>
> • Defendant's responses to plaintiff's document requests are to be served **by October 10, 2016;**
>
> • **During the time between November 9 and November 30, 2016**, the parties are to have a meet-and-confer by telephone to discuss any objections they have to each other's discovery responses in an attempt to resolve those issues.

*Id*. (emphasis in the original).  The Court set these cases down for a status conference on January 10, 2017, at which time the parties and the Court would discuss the next stage of discovery.  *Id*.  Defense counsel served a copy of the Court's July 21, 2016 Civil Conference Minute Order on the *pro se* plaintiff at his Naugatuck, Connecticut address.  *See* CV 15-5762 [DE 45]; DE 15-2825 [DE 38]; CV 15-2927 [DE 55].

4

On August 15, 2016, the Court received a letter motion from the plaintiff seeking additional time to respond to Armor's first set of Interrogatories and additional time to file a second amended complaint.[2]  According to the plaintiff, he had been suffering from a "serious sinus infection."  *See* CV 15-2762 [DE 43]; CV 15-2825 [DE 36]; CV 15-2927 [DE 52].  In an Electronic Order dated August 17, 2016, the Court granted the plaintiff's request for additional time to file a second amended complaint until August 31, 2016.  *See* Electronic Order of August 17, 2016. However, to the extent that the plaintiff sought an extension of the deadline for service of responses to Armor's interrogatories, the Court denied the plaintiff's request on the grounds that it was premature.  *Id*.  The Court explained that the discovery schedule issued at the Initial Conference provided the plaintiff with time up to and including September 23, 2016 to serve the responses.  *Id.*  Therefore, any request for an extension of that deadline was premature since the plaintiff still had a month within which to file his responses.  *Id*.  Counsel for the Nassau County defendants served a copy of the Court's Order on the plaintiff at his Naugatuck, Connecticut address.  *See* CV 15-2762 [DE 45]; CV 15-2825 [DE 37]; CV 15-2927 [DE 53]. The Court also mailed a copy of the August 17, 2016 Electronic Order to the plaintiff at his Naugatuck, Connecticut address.

Two weeks after the extended deadline expired, plaintiff filed a letter on October 13, 2016 acknowledging that he had not yet filed his anticipated second amended complaint and asking that he be given additional time to do so because he was trying to get discovery materials from his criminal attorney.  *See* Plaintiff's October 13, 2016 Application, CV 15-2762 [DE 48];

---

[2] The plaintiff's application also sought additional time to file a second amended complaint in CV 15-6033, which the Court granted.  At the time the application was filed, and ruled on, CV 15-6033 was assigned to Judge Bianco and this Court.  On November 1, 2016, however, the case was reassigned to District Judge Carol Bagley Amon and Magistrate Judge Ramon E. Reyes, Jr. in the Brooklyn Courthouse.  *See* Electronic Order of November 1, 2016.

5

CV 15-2825 [DE 41]; CV 15-2927 [DE 58]. Plaintiff also requested additional time to respond to the defendants' interrogatories since his copy was purportedly "thrown away without [his] knowledge" during the course of a domestic dispute. *Id*. The plaintiff also informed the Court that he had a new address, namely, 48 West Clinton Ave., Roosevelt, NY 11575. *Id*. He also asked that he be sent another set of interrogatories that were previously served by defendants' counsel. *Id*. The Court issued an Order deferring ruling on the plaintiff's application and set this case down for a telephone status conference on October 26, 2016 at 12 p.m. *See* Electronic Order of October 20, 2016. Defendants' counsel served a copy of the Court's Electronic Order on the *pro se* plaintiff at his new Roosevelt, New York address. *See* CV 15-2762 [DE 50]; CV 15-2825 [DE 43]; CV 15-2927 [DE 60]. In conjunction with the Electronic Order of October 19, 2016 in all three cases, plaintiff was provided with copies of updated docket sheets. *See* Electronic Order of October 19, 2016. The Court also mailed a copy of the October 20, 2016 Electronic Order to the plaintiff at the Roosevelt, New York address.

The plaintiff failed to appear for the October 26, 2016 telephone status conference. *See* October 26, 2016 Civil Conference Minute Order CV 15-2762 [DE 52]; CV 15-2825 [DE 45]; CV 15-2927 [DE 62]. The Court noted for the record that on October 25, 2016, counsel for the Nassau County defendants filed a letter to the Court stating that Attorney Goetz called the telephone number provided by the plaintiff on three separate occasions and was forced to leave a voicemail message on the phone of plaintiff's mother requesting that the plaintiff call defendants' counsel promptly. *Id*. The plaintiff did not return counsel's call. Based on these circumstances, the Court issued the following directives:

> **ORDERED, that <u>Plaintiff Pro Se Darin Poole appear in person before this Court, in Courtroom 910, on December 9, 2016 at 3 PM and show cause why the Court (1) should not impose a sanction for plaintiff's failure to appear at today's conference</u>**

> **and/or (2) recommend to District Judge Bianco that this action be dismissed based upon Plaintiff's failure to comply with the Court's Order of October 20, 2016.**
>
> **PLAINTIFF PRO SE DARIN POOLE SPECIFICALLY GIVEN NOTICE HERE THAT IF HE FAILS TO APPEAR IN PERSON AT THE DECEMBER 9, 2016 SHOW CAUSE HEARING, AT 3 PM, FOR ANY REASON, I WILL RECOMMEND TO DISTRICT JUDGE BIANCO THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE HIS CLAIMS.**

*Id*. (emphasis in original). Defendants' counsel served a copy of the Court's October 26, 2016 Minute Order on the *pro se* plaintiff both at the Roosevelt, New York and Naugatuck, Connecticut addresses. *See* CV 15-2762 [DE 53]; CV 15-2825 [DE 46]; CV 15-2927 [DE 63]. The Court also served a copy of the October 26, 2016 Civil Conference Minute Order on the plaintiff at the Roosevelt, New York address. *See* Electronic Order of October 27, 2016.

At the plaintiff's request, on November 22, 2016, copies of the docket sheets in 2:15-cv-2762 and 2:15-cv-2927 were mailed to the plaintiff at his Roosevelt, NY address. *See* Electronic Order of November 22, 2016.

The plaintiff appeared at the Order to Show Cause Hearing on December 9, 2016. *See* December 9, 2016 Civil Conference Minute Order, CV 15-2762 [DE 54]; CV 15-2825 [DE 47]; CV 15-2927 [DE 64]. The Court admonished the plaintiff that he had had multiple extensions of deadlines set by prior Court Orders with which he had not complied. *Id*. The plaintiff continued to insist that mail either did not reach him or when it did reach him, his girlfriend discarded his legal documents during a dispute. *Id*. In response, the Court stated:

> I informed plaintiff Poole that I do not intend to accept any further excuses. These are his cases and, as the plaintiff, he has an obligation to move them forward. If he does not comply with the directives in this Order, I will proceed to create a Report and Recommendation to Judge Bianco that these cases be dismissed.

7

*Id.*, ¶ 1. The Court directed all counsel to serve plaintiff with duplicate copies of the discovery demands that they had previously served. *Id.*, ¶ 4. Since plaintiff provided an email address, counsel were directed to serve the discovery demands both by first-class mail and by email upon the plaintiff . The Court extended the plaintiff's deadline to respond to the demands to December 19, 2016 and informed plaintiff that "[n]o further extensions will be granted." *Id*. Plaintiff was directed to serve his responses no later than December 19, 2016. *Id.* Further, the Court provided the plaintiff with "one final opportunity" to serve his own document requests. *Id.*, ¶ 5. The Court informed plaintiff that those requests must be served on or before December 19, 2016. *Id*. Defendants were given until January 27, 2017 to respond. *Id*. In addition, the Court set a deadline of February 28, 2017 for the plaintiff's deposition to be completed, and gave the plaintiff the month of March 2017 to conduct live depositions at the Central Islip Courthouse as he had requested. *Id*. The plaintiff was directed to prepare subpoenas which had to be "so ordered" by the Court before being served. *Id*. Plaintiff was urged to consult with the Pro Se Office in the Courthouse for assistance regarding the subpoenas. *Id.* Likewise, plaintiff was instructed to serve a copy of the draft subpoenas on both sets of defendants and to provide copies to the Court by February 16, 2017. *Id*. Defendants were given until February 22, 2017 to file any objections to the draft subpoenas. *Id*. The Court set this matter down for a further status conference on April 6, 2017 at 2 p.m. *Id*. Defendants' counsel served a copy of the Court's December 9, 2016 Civil Conference Minute Order on the *pro se* plaintiff at his Roosevelt, New York address. *See* CV 15-2927 [DE 65].

  Plaintiff sent a letter to the Court on December 30, 2016 which was returned to him by the Pro Se Office because it was not signed. *See* CV 15-2762 [DE 55]. The Court notes that in the letter, plaintiff advised that there was no need for subpoenas because he could not locate any

8

of his potential witnesses. *Id*. He added that he had sent HIPAA releases to the defendants in mid-December. *Id*.

On March 31, 2017, counsel for defendant Armor filed a letter motion in CV 15-2927 seeking an Order dismissing the action based on the plaintiff's "continued failure to comply with the Court's discovery Orders including his recent failure to appear for a properly noticed deposition." CV 15-2927 [DE 68]. Counsel further requested that in the event the Court did not dismiss this case, the Court issue an Order compelling the plaintiff to appear for his deposition within 30 days. On March 31, 2017, Armor's counsel served the motion on the *pro se* plaintiff at his Roosevelt, New York address as well as on the Nassau County Attorney's Office. *Id*., DE 68-1. Judge Bianco subsequently referred the motion to this Court for a Report and Recommendation. *Id*., DE 69. The plaintiff has never opposed Armor's motion.

The plaintiff failed to appear at the April 6, 2017 Status Conference despite the Court's repeated warnings that a failure to do so would result in this Court recommending to Judge Bianco that the case be dismissed for failure to prosecute. *See* April 6, 2017 Civil Conference Minute Order, CV 15-2762 [DE 56]; CV 15-2825 [DE 49]; CV 15-2927 [DE 70]. During the Conference, the Court noted for the record that the plaintiff had called Chambers at approximately 9:30 a.m. that day and informed the Court that his vehicle broke down in Connecticut. *Id*. The Court notified the plaintiff that it would not adjourn the conference, particularly in light of the plaintiff's track record of non-compliance with the Court's Orders and previous failures to appear. *Id*. The plaintiff was instructed to find another means of transportation and was informed that the Court would remain available until he arrived at the Courthouse. *Id*. Plaintiff was further directed to keep the Court apprised of his progress in getting to the Courthouse that day. *Id*. Later in the afternoon, when the Court had heard nothing

9

further from the Plaintiff, the Court tried to contact the Plaintiff on the number Plaintiff provided. However, plaintiff did not answer and the Court was forced to leave a message on plaintiff's phone. *Id*. The plaintiff never returned the Court's call. *Id*.

Counsel for both sets of defendants appeared at the conference and informed the Court that although the plaintiff was served with the defendants' document requests, plaintiff never responded to them. *Id*. Moreover, the plaintiff never served his own document requests on the defendants and he failed to appear for his scheduled and noticed deposition. *Id*. Counsel represented that the only contact they had had with the plaintiff, other than through service of document demands, was an email Attorney Goetz sent reminding plaintiff of the April 6 conference. *Id*. The email address that counsel utilized had been provided by the plaintiff and belonged to plaintiff's friend. *Id*. The friend responded that the message was conveyed to the plaintiff. *Id*. The Court then stated the following:

> In light of the Plaintiff's failure to prosecute these cases, the Court advised counsel that it would be preparing a Report and Recommendation separately to Judge Bianco recommending that these cases be dismissed. It will take some time to prepare the Report and Recommendation.

*Id*. Counsel for Nassau County served a copy of the Court's April 6, 2017 Civil Conference Minute Order on the plaintiff at his Roosevelt, New York address. *See* CV 15-2762 [DE 57]; CV 15-2825 [DE 50]; CV 15-2927 [DE 71]. The Court has not heard from the plaintiff since the aforementioned April 6 telephone call.

The Court finds that the plaintiff has been given every opportunity to move his case forward. Unfortunately, he has failed to do so. Given these circumstances, this Court has no alternative but to recommend to Judge Bianco that the plaintiff's case be dismissed based on his failure to comply with this Court's Orders as well as his failure to prosecute his claims. *See* Fed.

10

R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). Here, Plaintiff has a history of non-compliance with the Court's Orders in failing to appear at mandatory Court conferences and in failing to fulfill his discovery obligations. For these reasons, I respectfully recommend to Judge Bianco that the plaintiff's Complaint be dismissed. The Court further recommends to Judge Bianco that, in light of this Report and Recommendation, Armor's Motion to Dismiss for Lack of Prosecution in CV 15-2927 be deemed moot. *See* DE 68.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF, **except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Darin Poole shall file any objections in writing with the Clerk of the Court within the prescribed time period noted above. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joseph F. Bianco, and to my Chambers as well. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).**

11

Counsel for the Nassau County defendants is directed to serve a copy of this Report and Recommendation forthwith upon the *pro se* plaintiff by overnight mail, first-class mail and email and to file proof of such service on ECF.

The Court is sending a copy of this Order by first-class mail to the *pro se* plaintiff at 48 West Clinton Avenue, Roosevelt, NY 11575.

**SO ORDERED.**

Dated: Central Islip, New York
September 22, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge