FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 05 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

DARIN POOLE,

    Plaintiff,

    – against –

NASSAU COUNTY, ET AL.,

    Defendants.

---------------------------------------X

ORDER
15-CV-2762 (JFB) (AKT)

DARIN POOLE,

    Plaintiff,

    – against –

NASSAU COUNTY JAIL, ET AL.,

    Defendants.

---------------------------------------X

ORDER
15-CV-2825 (JFB) (AKT)

DARIN POOLE,

    Plaintiff,

    – against –

ARMOR CORRECTIONAL HEALTH
SERVICES, ET AL.,

    Defendants.

---------------------------------------X

ORDER
15-CV-2927 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson recommending that the Court dismiss the instant actions under Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to prosecute his claims as well as his failure to comply with the Court's orders, and that defendant Armor Correctional Health Services' motion to dismiss in No. 15-CV-2927 (Dkt. No. 68) be terminated as moot.[1]

Plaintiff filed the complaints in these cases on April 30, 2015 (No. 15-CV-2762), May 6, 2015 (No. 15-CV-2825), and May 14, 2015 (No. 15-CV-2927). Although they are based on somewhat different underlying facts, all three complaints essentially allege that defendants discriminated against plaintiff and failed to provide him with adequate medical care. (*See* No. 15-CV-2762, Dkt. No. 1; No. 15-CV-2825, Dkt. No. 1; No. 15-CV-2927, Dkt. No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* in all three actions. (*See* No. 15-CV-2762, Dkt. No. 7; No. 15-CV-2825, Dkt. No. 6; No. 15-CV-2927, Dkt. No. 4.) The Court notes that Magistrate Judge Tomlinson set forth a detailed description in the R&R of the history of the cases, including plaintiff's repeated failures to prosecute his claims and to comply with court orders, with which the Court assumes the parties' familiarity.

The R&R, dated September 22, 2017, directed plaintiff to file any objections within fourteen days of service of the same. By letter dated, October 2, 2017, the Court received plaintiff's objections to the R&R. (No. 15-CV-2762, Dkt. No. 61; No. 15-CV-2825, Dkt. No. 54; No. 15-CV-2927, Dkt. No. 75.) Plaintiff asserted that he failed to prosecute his cases and comply with court orders because his "paperwork or legal documents were thrown out it was like I had to start all my research all over." (No. 15-CV-2762, Dkt. No. 61; No. 15-CV-2825, Dkt. No. 54; No.

---

[1] The R&R is filed at: No. 15-CV-2762, Dkt. No. 58; No. 15-CV-2825, Dkt. No. 51; and No. 15-CV-2927, Dkt. No. 72.

2

15-CV-2927, Dkt. No. 75.) However, because plaintiff failed to comply with the requirement that all documents submitted to the Court be signed, the documents were returned to plaintiff, and he was informed that they would not be docketed or considered. The Court directed plaintiff to sign and return the documents. On October 18, 2017, plaintiff filed a signed submission setting forth his objections to any dismissal of his case. (No. 15-CV-2762, Dkt. No. 62; No. 15-CV-2825, Dkt. No. 55; No. 15-CV-2927, Dkt. No. 76.) On that same date, plaintiff also filed a request for the appointment of counsel. (No. 15-CV-2762, Dkt. No. 63; No. 15-CV-2825, Dkt. No. 56; No. 15-CV-2927, Dkt. No. 77.) On November 2, 2017, in response to a court order,[2] plaintiff filed a supplemental submission further explaining why he believes his cases should not be dismissed. (No. 15-CV-2762, Dkt. No. 65; No. 15-CV-2825, Dkt. No. 58; No. 15-CV-2927, Dkt. No. 79.) In that submission, plaintiff requested that the Court decline to dismiss these cases, arguing that his failure to prosecute and comply with Magistrate Judge Tomlinson's orders was due to, *inter alia*, his unfamiliarity with the law and lack of a *pro bono* attorney. (*See* No. 15-CV-2762, Dkt. No. 65; No. 15-CV-2825, Dkt. No. 58; No. 15-CV-2927, Dkt. No. 79.) For the reasons explained below, having conducted a *de novo* review of all of plaintiff's objections and arguments in his various submissions to the Court since the issuance of the R&R, the Court concludes that plaintiff has not provided a sufficient basis for his pattern of non-compliance with Magistrate Judge Tomlinson's orders and his consistent failure to prosecute these cases, and thus adopts in full Magistrate Judge Tomlinson's thorough and well-reasoned R&R.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345

---

[2] The Court erroneously issued an order seeking signed objections from plaintiff, not realizing that plaintiff had already submitted those signed objections on October 18, 2017. In any event, that order provided plaintiff with an additional opportunity to explain his reasons for failing to comply with court orders and to prosecute his cases, and the Court has considered that additional submission, along with all the others.

3

(S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of

practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

The Court has conducted a *de novo* review of the R&R in light of the record before the Court and all of plaintiff's objections and arguments in response to the R&R, and concludes that the above-referenced factors overwhelming favor dismissal in these cases. With respect to the first factor, as explained in detail in the R&R, plaintiff has a long history of non-compliance with court orders. Plaintiff has repeatedly failed to appear for conferences (both in-person and telephonically)

5

despite ample advance notice of their scheduling. On more than one occasion, plaintiff did not notify the Court or defendants that he would not be able to appear, and instead provided excuses after the fact. In one particularly egregious instance, plaintiff called the Court at 9:30 a.m. on the day of a status conference to request an adjournment because his car had broken down. The Court declined to adjourn the conference, but indicated to plaintiff that it would remain available until he could make it to the courthouse. Plaintiff never appeared, and failed to return the Court's phone call. Moreover, plaintiff has neglected to conduct discovery, or to respond to discovery demands. To date, he has not responded to defendants' document requests, despite extensions of his time to do so. He also has not served any discovery requests on defendants, again despite extensions of his time to do so. Further, plaintiff failed to appear for his scheduled and noticed deposition. Thus, Magistrate Judge Tomlinson correctly concluded that dismissal was warranted because, "Plaintiff has a history of non-compliance with the Court's Orders in failing to appear at mandatory Court conferences and in failing to fulfill his discovery obligations." (R&R at 11.) Although plaintiff sets forth several excuses in his various objections to the R&R (such as, among other things, his papers and research being destroyed and *pro se* status), none of those explanations justifies his blatant disregard of court orders, including failures to appear at conferences without contacting the Court and failures to even seek extensions of time to comply with discovery orders. In short, the Court is not persuaded that plaintiff's repeated failures to comply with court orders, to appear for conferences, and to otherwise prosecute his cases should be excused because he lost his paperwork and legal research, or because he is unfamiliar with the law. Since plaintiff initiated these cases, both the Court and defendants have diligently ensured that he was notified of all conferences and discovery deadlines. Plaintiff has nevertheless repeatedly failed to comply with court orders. That he lost his legal research, and is unfamiliar with the law, does not excuse those blatant failures to comply with Court orders, and his failure to prosecute his cases in the most basic ways.

With respect to the second factor, Magistrate Judge Tomlinson repeatedly notified plaintiff verbally and in writing that his continued failure to prosecute his cases and comply with court orders would result in an R&R recommending dismissal of his cases.[3] In fact, plaintiff received such warnings in a written order in October 2016 and in person in December 2016[4] and, despite the repeated admonishments and great patience shown by Magistrate Judge Tomlinson with his non-compliance, plaintiff has since continued to disregard both a court order and his discovery obligations.

With respect to the third factor, the Court concludes that defendants are likely to be prejudiced in their ability to obtain all relevant evidence regarding the claims as a result of the continuous delays in these lawsuits by plaintiff which have now been pending for over two years.

As to the fourth factor, the Court must avoid calendar congestion and ensure an orderly and expeditious disposition of cases, and has balanced that interest against plaintiff's interest in having an opportunity to be heard.

Finally, the Court concludes that no lesser sanction than dismissal would adequately address these other factors.

Thus, having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the R&R in light of all of plaintiff's submissions since the issuance of the R&R, the Court adopts the findings and recommendations contained in the R&R in their

---

[3] The Court also notes that plaintiff is well-aware of the consequences of failing to prosecute a case because the Court dismissed a case plaintiff brought in 2010 for that reason. *See, e.g., Poole v. Nassau Cnty. Sheriffs Dept.*, No. 10-CV-685(JFB)(AKT), 2010 WL 5559506, at *2 (E.D.N.Y. Dec. 28, 2010).

[4] The Minute Order for the December 9, 2016 conference reflects the following: "The Court admonished the pro se plaintiff that he has had multiple extensions of deadlines set by prior Court Orders with which he has not complied. Plaintiff continues to insist that mail either did not reach him or when it did reach him, his girlfriend discarded his legal documents during a dispute. I informed plaintiff Poole that I do not intend to accept any further excuses. These are his cases and, as the plaintiff, he has an obligation to move them forward. If he does not comply with the directives in this Order, I will proceed to create a Report and Recommendation to Judge Bianco that these cases be dismissed." (No. 15-CV-2762, Dkt. No. 54; No. 15-CV-2825, Dkt. No. 47; No. 15-CV-2927, Dkt. No. 64.)

entirety and dismisses the plaintiff's complaints, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute his claims and failure to comply with court orders. The Court denies Armor Correctional Health Services' motion to dismiss for failure to prosecute in 15-CV-2927 as moot. The Court also denies plaintiff's application for appointment of counsel in all three cases as moot.

The Clerk of the Court is directed to enter judgment accordingly and close the cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2017
Central Islip, New York